ASHBY PETERS, Respondent, *v.* GEORGE F. CLAUSE, Appellant.

*Bailment—Damages.*—The owner of a slave may recover damages of a bailee, for an injury done to the slave by an inhuman and cruel beating, in consequence of which the slave returned to his master before the time for which he had been hired had expired.

*Appeal from Clay Circuit Court.*

*Hall & Oliver* and *Merriman*, for appellant.

HOLMES, Judge, delivered the opinion of the court.

The only questions presented for review here are those arising upon the instructions. The instructions which were refused for the defendant proceeded upon the ground mainly, that if the injured slave had been hired out to defendant by the year, under a written contract of bailment, and had been injured by inhuman and cruel beating while so hired, the plaintiff could not recover any damages on the cause of action stated in the petition. The court instructed the jury for the plaintiff, to the effect, that if the plaintiff was the owner of the slave Thomas, and the defendant had bruised and injured him while in his possession, under a hiring from the plaintiff, he had a right to recover damages for the injury done to the slave, beyond what was necessary for purposes of correcting and controlling him.

We see no material error in this instruction for the plaintiff. The evidence showed that the slave was injured, and the plaintiff damaged in respect of his property in him, beyond any authority given, or any usage warranted by the

contract of hiring. The slave found refuge with his master. The defendant never claimed to have him returned. The contract was violated and broken, and the plaintiff had a right to treat it as ended by the fault of the defendant. He is not suing for the wages of the whole time mentioned in the contract, but for the actual damage done to the slave, when the hiring was so terminated. The case may be considered as standing in the same situation as if the time of the hiring had expired, and the slave had been returned in an injured condition. If a horse be returned in a damaged condition by the mere negligence of the hirer, the bailor will be entitled to recover damages, (Logan v. Mathews, 6 Penn. 417 ; 2 Pars. Contr. 125,) and much more, when the property has been injured by wilful and inhuman misconduct. (Sto. Bail. §§ 399, 400, 413.)

The judgment is affirmed. Judge Wagner concurs ; Judge Lovelace absent.